

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 17, 1963

Honorable Tom Kenyon
District Attorney
Brazoria County
Angleton, Texas

Opinion No. C-81

Re: Authority of Commissioners Court of Brazoria County to rent road equipment and/or enter into a lease-purchase agreement for such equipment.

Dear Mr. Kenyon:

You have requested the opinion of this office as to whether the Brazoria County Commissioners Court has authority to rent road equipment or enter into lease-purchase agreements for road equipment to be used for County road construction and maintenance purposes.

Brazoria County operates under the Optional County Road Law of 1947, Article 6716-1, Vernon's Civil Statutes. Section 15 thereof reads as follows:

"All equipment, materials and supplies for the construction and maintenance of county roads and for the county road department shall be purchased by the Commissioners Court on competitive bids in conformity with estimates and specifications prepared by the County Road Engineer; except when upon recommendation of the County Road Engineer and when in the judgment of the Commissioners Court it is deemed in the best interest for the county to do so, purchases in an amount not to exceed One Thousand Dollars ($1,000.00) may be made through negotiation by the Commissioners Court's duly authorized representative, upon requisition to be approved by the Commissioners Court or the County Auditor without advertising for competitive bids. Before any claims covering the purchase of such equipment, materials and supplies and for any services contracted

-397-

> for by the Commissioners Court, shall
> be ordered paid by the Commissioners
> Court, the County Road Engineer shall
> certify in writing to the correctness
> of the claims therefor and shall certify
> that the respective equipment, materials
> and supplies covered by the claims conform
> to specifications approved by him and that
> the same respective equipment, materials
> and supplies were delivered in good condi-
> tion and that any road department services
> contracted for by the Commissioners Court
> have been satisfactorily performed. The
> provisions of this section shall not be
> construed to permit the division or reduc-
> tion of purchases for the purpose of avoid-
> ing the requirement of taking formal bids
> on purchases which would otherwise exceed
> One Thousand Dollars ($1,000.00)."

This office has previously issued Opinions O-6859 (1945) and MS-44 (1953). These opinions dealt with particular leases or lease-purchase agreements. The opinions, without expressly approving, impliedly recognized the basic validity of a contract for lease or lease-purchase of road machinery by a commissioners court. However, no specific statutory provision or court interpretation has been found which would expressly authorize a commissioners court to enter into this particular type of contract. If such authority exists, it must be implied from the statutory powers granted to the commissioners court.

Section 15, Article 6716-1, supra, gives to the commissioners court the authority to do all things connected with the procurement of equipment, materials and supplies for the construction and maintenance of county roads. The Supreme Court of Arkansas, in Galloway v. Road Improvement District No. 4 of Prairie County, 220 S.W. 450 (1920) held, in passing upon a very similar problem:

> "There is no reason to believe that
> the framers of the statute meant to restrict
> the procurement of implements to a purchase.
> Of course, the word 'purchase' is essentially
> applicable to the procurement of material,
> for that, when used, becomes a part of the
> roadbed, but implements and other equipment,

> which are not exhausted in the work of construction, may be procured in other ways than by purchase. The power obviously conferred was to procure the implements, and the word 'purchase' was used as a mere direction as to the means of exercising the power. The authority to purchase being the greater of the powers to be exercised, necessarily included the lesser power to lease or to accept as a donation."

The reasoning expressed above is sound and is adopted as the opinion of this office.

It must be noted that Section 15 of Article 6716-1 includes a requirement that expenditures in excess of $1,000.00 must be made upon the basis of competitive bidding. This requirement necessarily includes any expenditure made under a rental or lease-purchase contract. This $1,000.00 limit must be figured upon the total value of the entire contract and not upon any monthly or annual payment.

In this connection, the constitutional limitation imposed by Section 7 of Article XI of the Constitution of Texas, must be noted. In the event a rental or lease-purchase contract should extend beyond the period of one year, it is probable that a debt of the type dealt with in this constitutional provision may be created, in which event a bond issue or time warrants would be required. If a contract is restricted to the period covered by the annual county budget, the restrictions of this constitutional provision would not become operative.

## SUMMARY

Under the provisions of the Optional County Road Law of 1947, Article 6716-1, Vernon's Civil Statutes, the Commissioners Court has authority to rent road equipment and/or enter into a lease-purchase agreement for such equipment.

If the total contract entered into requires the county to expend a sum greater

than $1,000.00, competitive bids are required.

Yours very truly,

WAGGONER CARR
Attorney General

By *Malcolm L. Quick*

Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Sonny Davis
Kerns Taylor
Edward Moffett
V. F. Taylor

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone